(Not for Publication)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____

ERVIN BRYANT,

              Petitioner,

              v.

UNITED STATES OF AMERICA,

              Respondent.

_____

Civil No. 05-1333 (RBK)

**OPINION**

**KUGLER**, United States District Judge:

Presently before the Court is a motion by petitioner Ervin Bryant ("Petitioner") seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, this Court will deny the petition.

I.      **BACKGROUND**

On December 4, 2003, Petitioner entered a plea of guilty to violating 18 U.S.C. § 922(g)(1) and (2), being a felon in possession of a weapon.  On March 11, 2004, this Court pronounced sentence upon Petitioner, imposing a term of 51 months of incarceration.  Judgment was entered the following day.

At sentencing, this Court found the applicable offense level to be 23.  This determination was made based on information that Petitioner had on a prior occasion possessed other firearms

with obliterated serial numbers.  Accordingly, the Court sentenced Petitioner to a term of incarceration within the range provided by the Sentencing Guidelines given Petitioner's offense level.

In his present petition, Petitioner asserts that but for the Court's findings, Petitioner's applicable offense level would have been 17 and the subsequent sentencing range provided in the Guidelines would have included a maximum term of 33 months.  Petitioner claims that the Court's sentence exceeded the permitted maximum sentence that the Court could impose without conducting a hearing with proofs beyond a reasonable doubt.

## II.    ANALYSIS

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that the Sixth Amendment applies to the Federal Sentencing Guidelines.  Accordingly, the Supreme Court held that any fact, other than a prior conviction, which is necessary to support a sentence exceeding the maximum authorized by the facts established by jury verdict must be either admitted by the defendant or proved to a jury beyond a reasonable doubt. Booker, 543 U.S. at 248-49.

However, the Third Circuit has subsequently held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker issued.  Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005).  In the present matter, as Petitioner did not file a direct appeal, his conviction became final on March 26, 2004, 10 business days after the entry of judgment on March 12, 2004.

At the time of sentencing, this Court accepted the findings as set-forth in the pre-sentence report, which was permissible at that time.  As this Court finds that the new rule set

forth in <u>Booker</u> is inapplicable in this matter, this Court subsequently finds the petition to be without merit.

## III.    CONCLUSION

Based on the foregoing reasoning, this Court will deny Petitioner's petition for a writ of habeas corpus.  The accompanying Order shall issue today.


Dated: <u>August 23, 2007</u>                                     <u> s/ Robert B. Kugler      </u>
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge

3